## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**PROCURADOR DE PERSONAS**
**CON IMPEDIMENTOS, et al.,**
**Plaintiffs**

**v.**                                                                          **CIVIL NO. 06-1680(DRD)**

**MUNICIPALITY OF SAN JUAN, et al.,**
**Defendants**

### ORDER

Pending before the Court is plaintiffs' *Verified Complaint* (Docket No. 1) moving for Preliminary and Permanent Injunction and Declaratory Judgment against the named defendants for alleged violations to the American With Disabilities Act, 42 U.S.C. §12132, the Rehabilitation Act of 1973 as amended, 29 U.S.C. §794(a), the Constitution of the United States, the Civil Rights Act, 42 U.S.C. §1983, and various supplemental claims under local state laws.

Due to the strong nature of the allegations proffered in the Verified Complaint and the public policy favoring the eliminations of barriers in public sidewalks to ensure accessibility to persons with disabilities, the Court encourages plaintiffs to diligently move to serve process upon the named co-defendants complying with the term provided by Rule 4(m), Fed.R.Civ.P., 28 U.S.C.

Further, the plaintiffs are advised that should they seek an Injunctive remedy in accordance with Rule 65, Fed.R.Civ.P., 28 U.S.C., full compliance is expected with the requisites established by the Rule and the relevant jurisprudence. Specifically, plaintiffs are reminded that in considering a request for a preliminary injunction, a trial court must weigh several factors: (1) the likelihood of success on the merits, (2) the potential for irreparable harm to the movant, (3) the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted, and (4) the effect of the decision on the public interest. See, *Ross-Simons of Wardwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Likelihood of success is the **touchstone** of the preliminary injunction inquiry. See *Ross-Simons*, 102 F.3d at 16; *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993). Plaintiffs are encouraged to show compliance with the requisite of irreparable injury required under *Narragansett*.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 7th day of July 2006.

                                                **S/DANIEL R. DOMINGUEZ**
                                                **DANIEL R. DOMINGUEZ**
                                                **U.S. DISTRICT JUDGE**